IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HAPAG-LLOYD (AMERICA), LLC, <br> As agent for HAPAG-LLOYD <br> AKTIENGESELLSCHAFT, HAMBURG, <br><br> Plaintiff, <br><br> v. <br><br> INDORAMA VENTURES ALPHAPET <br> HOLDINGS, INC., <br><br> Defendant. | C.A. No. 23-1016-JLH |

## MEMORANDUM ORDER

This is an admiralty case. Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction Over the Subject Matter. (D.I. 9.) Having reviewed the parties' briefs (D.I. 10, 14, 15), and having considered the applicable law, the Court will GRANT the Motion.

1.  The Complaint states that "[t]his matter arises under the laws of the United States, in particular, <u>The Shipping Act of 1984</u> . . . and involves contract(s) within the jurisdiction of this Court or claims pendent or ancillary to the same." (D.I. 1 ¶ 1.) The factual allegations are bare bones. The Complaint alleges that Plaintiff is a common carrier by water that "transported cargo for the benefit of Defendant during 2020-2023." (D.I. 1 ¶ 6.) The Complaint alleges that "transportation and services provided are evidenced by [Plaintiff's] service contracts, bills of lading and/or freight bills, invoices, credit agreements and freight guarantees, the terms of which are incorporated herein through this reference," and that "[a] summary of the relevant bills of lading and invoices is attached hereto as Exhibit 'A'." (*Id*.) Exhibit A to the Complaint is an

"Item Report" that sets forth a list of invoices organized by invoice number; there are no actual invoices, contracts, or bills of lading in Exhibit A or otherwise included with the Complaint. (*Id.*, Ex. A.)

2.  Count 1 of the Complaint is styled "For Money due Under Tariff & Service Contracts," and it alleges that Plaintiff "is prohibited by the Shipping Act from transporting cargo for a lesser rate than that specified in its tariffs or service contracts." (*Id.* ¶ 5.) Count 2 is for breach of contract, and it alleges breach of "service contracts between [Plaintiff] and Defendant, as evidenced by said bills of lading and/or invoices listed in Exhibit 'A'"—although, as mentioned, there are no bills of lading or invoices attached to the Complaint. (*Id.* ¶ 11.) Counts 3, 4, 5, and 6 allege unjust enrichment, quantum meruit, account stated, and "Attorney Fees," respectively.

3.  Defendant contends that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because (1) there is no private right of action under the Shipping Act and (2) the breach of contract claim "is a thinly disguised claim that is governed by the provisions of the Shipping Act and should therefore be subject to the primary jurisdiction of the [Federal Maritime Commission]." (D.I. 10 at 7.) Plaintiff responds that it "does not allege any violation of the Shipping Act" (D.I. 14 at 12), and that "[b]reach of the Contract by Defendant is all that is before this Court" (D.I. 14 at 14). The Court therefore understands Plaintiff to say that it only intends to press its breach of contract claim (Count 2). The parties apparently do not dispute that the Court has subject matter jurisdiction over a claim for breach of a maritime contract, *see* 28 U.S.C. § 1333(1) (D.I. 10 at 7; D.I. 14 at 7, 12); accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.

4.  Defendant argues that the breach of contract claim should be dismissed under Rule 12(b)(6) for failure to state a claim.[1]  I agree.  The Complaint, as drafted, fails to plausibly allege the existence of a contract between Plaintiff and Defendant.  The Complaint alleges that Plaintiff transferred cargo "for the benefit of Defendant" and it alleges that transportation occurred pursuant to contracts and bills of lading, but the Complaint does not say who the parties to the contracts were, nor does it plausibly allege that Plaintiff and Defendant were in contractual privity.  *See Zim Am. Integrated Shipping Servs. Co., LLC v. Sportswear Grp., LLC*, 550 F. Supp. 3d 57, 66 (S.D.N.Y. 2021) (dismissing similar allegations for failure to plausibly allege contractual privity).

5.  In response to Defendant's motion to dismiss, Plaintiff submitted an unsigned "Sea Waybill," on which Defendant is listed as the "Consignee," and an alleged "copy of the terms and conditions of [Plaintiff's] Bill of Lading."  (D.I. 14 at 14–15, Ex. B, Ex. C.)  Plaintiff contends that Defendant's status as a "Consignee" on the Sea Waybill makes Defendant a "Merchant" under Plaintiff's standard Bill of Lading, which essentially states that Merchants are jointly and severally liable for payments owed.  But the Court cannot tell from the Complaint or any of the other documents when or by what transaction Defendant allegedly assumed any obligations in contract.  Nor has Plaintiff explained—much less plausibly pleaded—how Defendant was a party or an assignee to a contract with Plaintiff or otherwise consented to be bound to the terms of the Bill of

---

[1] "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679.

Lading. *See Zim*, 550 F. Supp. 3d at 66 (dismissing breach of maritime contract claim where the plaintiff did not plead "any factual allegations, necessary to support its claims, that Defendant was a party to or an assignee of either of the bills of lading, that it fell within the Merchant clause of the [submitted] Bill of Lading, or that it consented to be bound by the terms of any bill of lading" (internal marks omitted)).[2]

6.  For these reasons, the Court concludes that the Complaint fails to plausibly plead a breach of contract claim. Defendant's Motion to Dismiss (D.I. 9) will be GRANTED. The Complaint (D.I. 1) is DISMISSED for failure to state a claim. Plaintiff is granted leave to amend within 14 days to fix the deficiencies.

_____
The Honorable Jennifer L. Hall
UNITED STATED DISTRICT JUDGE

---

[2] The Court does not assess Plaintiff's claims for unjust enrichment, quantum meruit, account stated, and "attorney fees" in view of Plaintiff's unequivocal assertion that "Breach of the Contract by Defendant is all that is before this Court." (D.I. 14 at 14.) What's more, Plaintiff has provided no substantive response to Defendant's argument that the Complaint fails to plausibly plead any of those theories of relief. (*See* D.I. 14 at 21.) *See Zim*, 550 F. Supp. 3d at 67 (dismissing similar claims for quantum meruit, unjust enrichment, and account stated for failure to state a claim).